1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAN RICHMOND, ) | Case No.: 1:14-cv-0184 JLT |
|             Plaintiff, ) | |
|     v. ) | SCHEDULING ORDER (Fed. R. Civ. P. 16) |
| MISSION BANK, ) | Pleading Amendment Deadline: 9/1/2014 |
|             Defendant. ) | Discovery Deadlines: |
| ) | Initial Disclosures: 7/11/2014 |
| | Non-Expert: 12/5/2014 |
| | Expert: 3/6/2015 |
| | Mid-Discovery Status Conference: |
| | 10/16/2014 at 9:30 a.m. |

Non-Dispositive Motion Deadlines:
  Filing: 3/13/2015
  Hearing: 4/10/2015

Dispositive Motion Deadlines:
  Filing: 1/30/2015
  Hearing: 3/6/2015

Settlement Conference: 12/16/2014 at 10:30 a.m.
  2500 Tulare Street, Fresno, CA

Pre-Trial Conference:
  6/3/2015 at 8:30 a.m.
  510 19th Street, Bakersfield, CA

Trial:  7/21/2015 at 8:30 a.m.
  510 19th Street, Bakersfield, CA
  Jury trial: 5 days

1

**I.     Date of Scheduling Conference**

July 7, 2014.

**II.    Appearances of Counsel**

Randall Rumph appeared on behalf of Plaintiff.

T. Scott Belden appeared on behalf of Defendant.

**III.   Consent to Magistrate Judge Jurisdiction**

The parties indicated their willingness to consent to the jurisdiction of the United States Magistrate Judge in the Joint Scheduling Report. (Doc. 14 at 6.) Accordingly, the matter has been reassigned to the United States Magistrate Judge**.**

**IV.    Pleading Amendment Deadline**

Any requested pleading amendments are ordered to be filed, either through a stipulation or motion to amend, no later than **September 1, 2014**.

**V.     Discovery Plan and Cut-Off Date**

The parties are ordered to exchange the initial disclosures required by Fed. R. Civ. P. 26(a)(1) on or before **July 11, 2014**.

The parties are ordered to complete all discovery, pertaining to non-experts on or before **December 5, 2014**, and pertaining to experts on or before **March 6, 2015**.

The parties are directed to disclose all expert witnesses, in writing, on or before **January 16, 2015**, and to disclose all rebuttal experts on or before **February 6, 2015**. The written designation of retained and non-retained experts shall **be made pursuant to Fed. R. Civ. P. Rule 26(a)(2), (A), (B), and (C) and shall include all information required thereunder**. Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

The written designation of retained and non-retained experts shall **be made pursuant to Fed. R. Civ. P. 26(a)(2), (A), (B), and (C) and shall include all information required thereunder**. Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

The provisions of Fed. R. Civ. P. 26(b)(4) and (5) shall apply to all discovery relating to experts

and their opinions.[1] Experts must be fully prepared to be examined on all subjects and opinions included in the designation. Failure to comply will result in the imposition of sanctions, which may include striking the expert designation and preclusion of expert testimony.

The provisions of Fed. R. Civ. P. 26(e) regarding a party's duty to timely supplement disclosures and responses to discovery requests will be strictly enforced.

A mid-discovery status conference is scheduled for **October 16, 2014**, at 9:30 a.m. before the Honorable Jennifer L. Thurston, United States Magistrate Judge, located at the United States District Courthouse located at 510 19th Street, Bakersfield, California. A Joint Mid-Discovery Status Conference Report, carefully prepared and executed by all counsel, shall be electronically filed in CM/ECF, one (1) full week prior to the Conference and shall be e-mailed, in Word format to, JLTorders@caed.uscourts.gov. Counsel may appear by telephone, provided a written request to so appear is made to the Magistrate Judge's Courtroom Clerk no later than five (5) court days before the noticed hearing date. In the event that more than one attorney requests to appear by telephone then it shall be the obligation of the requesting part(ies) to arrange a Court Call conference.

### VI. Pre-Trial Motion Schedule

All non-dispositive pre-trial motions, including any discovery motions, shall be filed no later than **March 13, 2015**, and heard on or before **April 10, 2015**. Non-dispositive motions are heard at 9:00 a.m. at the United States District Courthouse in Bakersfield, California, before the Honorable Jennifer L. Thurston, United States Magistrate Judge.

No written discovery motions shall be filed without the prior approval of the assigned Magistrate Judge. A party with a discovery dispute must first confer with the opposing party in a good faith effort to resolve by agreement the issues in dispute. If that good faith effort is unsuccessful, the moving party promptly shall seek a telephonic hearing with all involved parties and the Magistrate Judge. It shall be the obligation of the moving party to arrange and originate the conference call to the court. To schedule this telephonic hearing, the parties are ordered to contact Courtroom Deputy Clerk, Susan Hall at (661) 326-6620 or via email at SHall@caed.uscourts.gov. **Counsel must comply with**

---

[1] In the event an expert will opine on an independent medical examination or mental health examination, the opinions related to the examination must be set forth in the expert's report.

**Local Rule 251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from calendar.**

In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 144(e). However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

Counsel may appear and argue non-dispositive motions by telephone, provided a written request to so appear is made to the Magistrate Judge's Courtroom Clerk no later than five (5) court days before the noticed hearing date. In the event that more than one attorney requests to appear by telephone then it shall be the obligation of the moving part(ies) to arrange and originate a conference call to the court.

All dispositive pre-trial motions shall be filed no later than **January 30, 2015**, and heard no later than **March 6, 2015**, before the Honorable Jennifer L. Thurston, United States Magistrate Judge, at the United States District Courthouse in Bakersfield, California. In scheduling such motions, **counsel shall comply with Fed. R. Civ. P. 56 and Local Rules 230 and 260**.

### VII.    Motions for Summary Judgment or Summary Adjudication

**At least 21 days before** filing a motion for summary judgment or motion for summary adjudication the parties are **ORDERED** to meet, in person or by telephone, and confer to discuss the issues to be raised in the motion.

The purpose of the meeting shall be to: 1) avoid filing motions for summary judgment where a question of fact exists; 2) determine whether the respondent agrees the motion has merit in whole or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the issues for review by the court; 5) explore the possibility of settlement before the parties incur the expense of briefing a summary judgment motion; 6) to arrive at a joint statement of undisputed facts.

The moving party shall initiate the meeting and provide a draft of the joint statement of undisputed facts. **In addition to the requirements of Local Rule 260, the moving party shall file a joint statement** of undisputed facts.

In the notice of motion the moving party shall certify that the parties have met and conferred as ordered above, or set forth a statement of good cause for the failure to meet and confer.

///

**VIII.  Pre-Trial Conference Date**

**June 3, 2015** at 8:30 a.m. at the United States District Courthouse in Bakersfield, California before the Honorable Jennifer L. Thurston, United States Magistrate Judge.

The parties are ordered to file a **Joint Pretrial Statement pursuant to Local Rule 281(a)(2)**. The parties are further directed to submit a digital copy of their pretrial statement in Word format, directly to Judge Thurston's chambers, by email at JLTOrders@caed.uscourts.gov.

Counsels' attention is directed to **Rules 281 and 282 of the Local Rules** of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference. The Court will insist upon strict compliance with those rules.  In addition to the matters set forth in the Local Rules the Joint Pretrial Statement shall include a Joint Statement of the case to be used by the Court to explain the nature of the case to the jury during voir dire.

**IX.  Trial Date**

**July 21, 2015** at 8:30 a.m. at the United States District Courthouse in Bakersfield, California, before the Honorable Jennifer L. Thurston, United States Magistrate Judge.

A. This is a jury trial.

B. Counsels' Estimate of Trial Time: 5 days.

C. Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

**X.  Settlement Conference**

A Settlement Conference is scheduled for December 16, 2014, at 10:30 a.m[2]., before Magistrate Judge Gary S. Austin.  The settlement conference will occur at the Robert E. Coyle Federal Courthouse located at 2500 Tulare Street, Fresno, California.

Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to

---

[2] The Court recognizes this is not the date preferred by counsel.  However, the preferred date was not available. Moreover, this was a date that was acceptable to counsel.  In the event, this date cannot be accommodated, counsel must address this issue with the Courtroom Deputy Clerk for Judge Austin.

negotiate and settle the case on any terms[3] at the conference.  Consideration of settlement is a serious matter that requires preparation prior to the settlement conference.  Set forth below are the procedures the Court will employ, absent good cause, in conducting the conference.

Unless other procedures are required by Judge Austin, the following SHALL apply: **At least 21 days before** the settlement conference, Plaintiff **SHALL** submit to Defendant via fax or e-mail, a written itemization of damages and a meaningful[4] settlement demand which includes a brief explanation of why such a settlement is appropriate.  Thereafter, **no later than 14 days before** the settlement conference, Defendant **SHALL** respond, via fax or e-mail, with an acceptance of the offer or with a meaningful counteroffer that includes a brief explanation of why such a settlement is appropriate.

If settlement is not achieved, each party **SHALL** attach copies of the party's settlement offer to the Confidential Settlement Conference Statement, as described below.  Copies of these documents shall not be filed on the court docket.

## CONFIDENTIAL SETTLEMENT CONFERENCE STATEMENT

**At least five court days before** the settlement conference, the parties shall submit, directly to Judge Thurston's chambers by e-mail to GSAOrders@caed.uscourts.gov, a Confidential Settlement Conference Statement.  The statement should not be filed with the Clerk of the Court nor served on any other party, although the parties may file a Notice of Lodging of Settlement Conference Statement. Each statement shall be clearly marked "confidential" with the date and time of the settlement conference indicated prominently thereon. The Confidential Settlement Conference Statement shall include the following:

A.    A brief statement of the facts of the case.

---

[3] Insurance carriers, business organizations, and governmental bodies or agencies whose settlement agreements are subject to approval by legislative bodies, executive committees, boards of directors or the like shall be represented by a person or persons who occupy high executive positions in the party organization and who will be directly involved in the process of approval of any settlement offers or agreements.  To the extent possible the representative shall have the authority, if he or she deems it appropriate, to settle the action on terms consistent with the opposing party's most recent demand.

[4] "Meaningful" means that the offer is reasonably calculated to settle the case on terms acceptable to the offering party. "Meaningful" does not include an offer which the offering party knows will not be acceptable to the other party.  If, however, the party is only willing to offer a settlement which it knows the other party will not accept, this should trigger a recognition the case is not in a settlement posture and the parties should confer about continuing or vacating the settlement conference via stipulation.

6

B. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

C. A summary of the proceedings to date.

D. An estimate of the cost and time to be expended for further discovery, pretrial and trial.

E. The relief sought.

F. The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

**XI.     Request for Bifurcation, Appointment of Special Master, or other Techniques to Shorten Trial**

Not applicable at this time.

**XII.    Related Matters Pending**

There are no pending related matters.

**XIII.   Compliance with Federal Procedure**

All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and to keep abreast of any amendments thereto. The Court must insist upon compliance with these Rules to efficiently handle its increasing case load, and sanctions will be imposed for failure to follow the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.

**XIV.    Effect of this Order**

The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to dispose of this case. The trial date reserved is specifically reserved for this case. If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

**The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by**

7

1 **affidavits or declarations, and where appropriate attached exhibits, which establish good cause**
2 **for granting the relief requested.**
3    Failure to comply with this order may result in the imposition of sanctions.
4
5 IT IS SO ORDERED.
6    Dated: **July 9, 2014**                              **/s/ Jennifer L. Thurston**
7                                                         UNITED STATES MAGISTRATE JUDGE