1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| JAN RICHMOND, | ) | Case No.: 1:14-cv-00184  JLT |
| Plaintiff, | ) ) | ORDER GRANTING DEFENDANTS' MOTION |
| v. | ) ) | TO MODIFY THE SCHEDULING ORDER AND FILE A SECOND AMENDED ANSWER |
| MISSION BANK, et al., | ) ) | (Doc. 22) |
| Defendants. | ) ) ) | |

Mission Bank seeks a modification of the Court's scheduling order and leave to file a second amended answer to raise the affirmative defenses related to Plaintiff's failure to mitigate her damages and the doctrine of avoidable consequences.  (Doc. 22)  Plaintiff opposes the motion by arguing that Mission failed to act diligently to meet the deadline for filing amended pleadings set forth in the scheduling order.  (Doc. 23)  Because the Court finds Defendants demonstrate good cause for amending the scheduling order and Plaintiff fails to demonstrate substantial prejudice, Defendants' motion to amend is **GRANTED**.[1]

**I.     Relevant Procedural History**

Plaintiff initiated this action by filing a complaint against Mission Bank on February 10, 2014. (Doc. 1.)  In the complaint, Plaintiff alleges that once Mission's new president took office in April

---

[1] The Court finds that the matter suitable for decision without a hearing on the matter (L.R. 230(g)) so the hearing , set on December 2, 2014, is **VCACATED**.

1

2011, she began suffering age discrimination.  Id. at 2.  Over time, Plaintiff contends she was removed from her private office and forced to use a cubicle.  Id.  Plaintiff's hours were cut and she was excluded from a seminar though every other Vice President was allowed to attend.  Id. at 3.  Plaintiff's duties were reduced over time such that by 2013, she was performing only administrative duties for the board of directors.  Id.  During this same time period, Mission hired a younger person who took over Plaintiff's old duties, was given a bonus though only Vice Presidents were entitled to bonuses and the younger person was given a private office.  Id. at 2-3.

Plaintiff met with the new president and complained that she was suffering age discrimination. (Doc. 1 at 3)  In response, the president sent Plaintiff home and later contacted Plaintiff and told her not to return to work.  Id. at 3.  Plaintiff construed this as a termination.  Id. at 3-4.  Instead, the president instructed her to attend a meeting to discuss a severance offer.  Id. at 4.

Defendants filed their answer on March 24, 2014.  (Doc. 5)  On May 15, 2014, the Court granted Plaintiff's motion to strike defenses which were not pleaded properly but granted leave to amend which included, in particular, affirmative defenses which were not supported by adequate factual allegations.  (Doc. 12)  On June 5, 2014, Defendant filed its first amended answer.  (Doc. 13) In the amended answer, Defendant reserved the right to amend the answer to add affirmative defenses once they "became known and/or available to Defendant."  (Doc. 13 at 11)

On July 9, 2014, the Court issued the scheduling order.  (Doc. 17)  The order required that motions to amend pleadings or stipulations to amend pleadings be filed no later than September 1, 2014.  Id. at 2.  This was the deadline proposed by the parties, though neither side anticipated any amendments at the time the date was proposed.  (Doc. 14 at 3)

On November 4, 2014, Defendants filed the motion now pending before the Court, seeking to modify the scheduling order to allow the filing of the second amended answer which includes affirmative defenses that include the claims that Plaintiff failed to mitigate her losses and failed to take reasonable steps to avoid her damages for front pay.  The proposed amendments read,

**NINTH AFFIRMATIVE DEFENSE**
(Failure to Mitigate Damages)
Plaintiff has failed to mitigate her damages. Defendant alleges that there were suitable positions available to Plaintiff and Plaintiff failed to use reasonable care and diligence to seek out those positions. Plaintiffs efforts of speaking to representatives from Rabobank and Valley Republic Bank, searching ads online and in the newspaper,

1   and registering online with Cal Jobs is unreasonable in light of Plaintiffs circumstances.
2   Accordingly, any damages to which Plaintiff is entitled should be proportionately reduced.

3                              **TENTH AFFIRMATIVE DEFENSE**
                               (Avoidable Consequences)
4           Plaintiff's damages for front pay, if any, could have been reasonably avoided if
    Plaintiff had used reasonable diligence to find comparable employment and accepted
5   such employment pending the outcome of this litigation. Plaintiffs efforts of speaking
    to representatives from Rabobank and Valley Republic Bank, searching ads online and
6   in the newspaper, and registering online with Cal Jobs is unreasonable in light of
    Plaintiffs circumstances. Accordingly, any damages to which she is entitled should be
7   proportionately reduced.

8   (Doc. 22-1 at 39)

9           Plaintiff opposes this motion and argues that Defendant has failed to demonstrate it acted

10  diligently to meet the pleading amendment deadline.  (Doc. 24)  First, Plaintiff argues that the fact that

11  the motion was not made before the deadline expired demonstrates a lack of diligence.  <u>Id</u>. at 2.

12  Second, Plaintiff argues that Defendant should have sought a later pleading amendment deadline or

13  propounded discovery earlier so that the results could be known sooner and the pleading amendment

14  deadline met.  <u>Id</u>. at 2-3.  Third, Plaintiff argues that the amendments should not be permitted because

15  the proposed complaint, as currently worded, is subject to a motion to strike for failure to state

16  sufficient factual allegations to support it.  <u>Id</u>. at 4-5.  Finally, Plaintiff argues that she would be

17  prejudiced if the amendment is allowed because she would be precluded from conducting discovery as

18  to the new defenses because of the imminent discovery cutoff.

19  **II.    Legal Standards**

20       **A.    Scheduling Orders**

21          Districts courts must enter scheduling orders in actions to "limit the time to join other parties,

22  amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). In addition,

23  scheduling orders may "modify the timing of disclosures" and "modify the extent of discovery." <u>Id</u>.

24  Once entered by the court, a scheduling order "controls the course of the action unless the court

25  modifies it." Fed. R. Civ. P. 16(d). Scheduling orders are intended to alleviate case management

26  problems. <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 610 (9th Cir. 1992). As such, a

27  scheduling order is "the heart of case management." <u>Koplove v. Ford Motor Co.</u>, 795 F.2d 15, 18 (3rd

28  Cir. 1986).

3

1       Further, scheduling orders are "not a frivolous piece of paper, idly entered, which can be

2   cavalierly disregarded by counsel without peril." <u>Johnson</u>, 975 F.2d at 610 (quoting <u>Gestetner Corp. v.</u>

3   <u>Case Equip. Co</u>., 108 F.R.D. 138, 141 (D. Maine 1985)). Good cause must be shown for modification

4   of the scheduling order. Fed. R. Civ. P. 16(b)(4). The Ninth Circuit explained:

5           Rule 16(b)'s "good cause" standard primarily considers the diligence of the party
            seeking the amendment. The district court may modify the pretrial schedule if it cannot
6           reasonably be met despite the diligence of the party seeking the extension. Moreover,
            carelessness is not compatible with a finding of diligence and offers no reason for a
7           grant of relief. Although existence of a degree of prejudice to the party opposing the
            modification might supply additional reasons to deny a motion, the focus of the inquiry
8           is upon the moving party's reasons for modification. If that party was not diligent, the
            inquiry should end.

9

10  <u>Johnson</u>, 975 F.2d at 609 (internal quotation marks and citations omitted). Therefore, parties must

11  "diligently attempt to adhere to the schedule throughout the course of the litigation." <u>Jackson v.</u>

12  <u>Laureate, Inc.</u>, 186 F.R.D. 605, 607 (E.D. Cal. 1999). The party requesting modification of a

13  scheduling order has the burden to demonstrate:

14          (1) that she was diligent in assisting the Court in creating a workable Rule 16 order, (2)
            that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding
15          her efforts to comply, because of the development of matters which could not have been
            reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference, and
16          (3) that she was diligent in seeking amendment of the Rule 16 order, once it become
            apparent that she could not comply with the order.

17

18  <u>Id.</u> at 608 (internal citations omitted).

19      **B.     Pleading Amendments**

20      Under Fed. R. Civ. P. 15(a), a party may amend a pleading once as a matter of course within 21

21  days of service, or if the pleading is one to which a response is required, 21 days after service of a

22  motion under Rule 12(b), (e), or (f). "In all other cases, a party may amend its pleading only with the

23  opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  Because Plaintiff does

24  not consent to the filing an amended answer, Defendants seeks the leave of the Court.

25      Granting or denying leave to amend a complaint is in the discretion of the Court, <u>Swanson v.</u>

26  <u>United States Forest Service</u>, 87 F.3d 339, 343 (9th Cir. 1996), though leave should be "freely give[n]

27  when justice so requires." Fed. R. Civ. P. 15(a)(2).  "In exercising this discretion, a court must be

28  guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the

4

1    pleadings or technicalities." <u>United States v. Webb</u>, 655 F.2d 977, 979 (9th Cir. 1981).  Consequently,

2    the policy to grant leave to amend is applied with extreme liberality. <u>Id.</u>

3          There is no abuse of discretion "in denying a motion to amend where the movant presents no

4    new facts but only new theories and provides no satisfactory explanation for his failure to fully develop

5    his contentions originally." <u>Bonin v. Calderon</u>, 59 F.3d 815, 845 (9th Cir. 1995); <u>see also</u> <u>Allen v. City</u>

6    <u>of Beverly Hills</u>, 911 F.2d 367, 374 (9th Cir. 1990).  After a defendant files an answer, leave to amend

7    should not be granted where "amendment would cause prejudice to the opposing party, is sought in bad

8    faith, is futile, or creates undue delay." <u>Madeja v. Olympic Packers</u>, 310 F.3d 628, 636 (9th Cir. 2002)

9    (citing <u>Yakama Indian Nation v. Washington Dep't of Revenue</u>, 176 F.3d 1241, 1246 (9th Cir. 1999)).

10   **III.    Discussion and Analysis**

11        **A.    Defendants' Diligence**

12         The Scheduling Order set forth a pleading amendment deadline of September 1, 2014. (Doc. 17

13   at 2). The current motion was not filed until November 4, 2014. (Doc. 22.) Thus, Defendant is required

14   to demonstrate good cause under Rule 16 for filing an amended pleading out-of-time. <u>See</u> <u>Coleman v.</u>

15   <u>Quaker Oats Co.</u>, 232 F.3d 1271, 1294 (9th Cir. 2000) (explaining the question of whether the liberal

16   amendment standard of Rule 15(a) or the good cause standard of Rule 16(b) apples to a motion for

17   leave to amend a complaint depends on whether a deadline set in a Rule 16(b) scheduling order has

18   expired).  Accordingly, the Court examines Defendant's diligence to determine whether amendment of

19   the scheduling order is proper.

20         Defendant asserts that it propounded written discovery related to Plaintiff's efforts to obtain

21   replacement employment on August 15, 2014.  (Doc. 22 at 4)  This was approximately one month

22   after initial disclosures were exchanged.  (Doc. 17 at 2) Responses were due on September 19 but

23   Defendant granted Plaintiff's request for an extension of time so the responses were due on October 3,

24   2014.  (Doc. 22 at 4).

25         After the responses were due, Defendant met and conferred with Plaintiff's counsel because it

26   was unclear whether all documents had been produced related to her efforts to obtain replacement

27   employment.  (Doc. 22-1 at 18-19)  Defendant's counsel sent a written statement via e-mail setting

28   forth the claimed deficiencies on October 9, 2014.  Again, on October 21, 2014, counsel e-mailed

5

1    because Plaintiff had not responded to the earlier letter.  Id. at 22.  The next day, Plaintiff's attorney

2    responded and verified that Plaintiff had no further documents to produce related to her re-

3    employment efforts.  Id. at 25.  Defendant contends that only after this correspondence did it realize

4    the propriety of the amendments and did it have factual support for them.

5            Plaintiff argues that given the short deadline for amending the pleadings, Defendant was

6    obligated to propound discovery immediately in order to have responses in sufficient time to evaluate

7    whether an amendment was needed or should have sought a later pleading amendment deadline.

8    However, the Court finds that the minimal delay between the service of the Rule 26 disclosures and

9    the date on which written discovery was propounded was not significant.  Likewise, the failure of

10   Defendant to be in a position to seek the amendment was due, at lease in small part, to Plaintiff's need

11   for an extension of time to respond to the discovery.  Likewise, though Defendant was entitled to

12   presume that the single document provided related to Plaintiff's job search was all that existed, it was

13   not unreasonable for Defendant to think that there were additional documents.  It was not unreasonable

14   to think Plaintiff had in her possession copies of cover letters and resumes fashioned for prospective

15   employees and the like would have been produced.  Moreover, the failure to have such documents

16   appears to have cemented Defendants belief that the proposed affirmative defenses should be alleged.

17   Given this, the Court finds good cause to amend the scheduling order to allow the motion to amend the

18   answer.

19           **B.      Leave to Amend the Answer**

20           Because the Court concludes Defendants demonstrated diligence, the Court must also determine

21   whether amendment of the Answer is proper under Rule 15.  Evaluating a motion to amend, the Court

22   may consider (1) whether the party has previously amended the pleading, (2) undue delay, (3) bad faith,

23   (4) futility of amendment, and (5) prejudice to the opposing party. Foman v. Davis, 371 U.S. 178, 182

24   (1962); Loehr v. Ventura County Comm. College Dist., 743 F.2d 1310, 1319 (9th Cir. 1984).  These

25   factors are not of equal weight as prejudice to the opposing party has long been held to be the most

26   critical factor to determine whether to grant leave to amend.  Eminence Capital, LLC v. Aspeon, Inc.,

27   316 F.3d 1048, 1052 (9th Cir. 2003); Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990).

28   ///

1         1.      Prior amendments

The Court's discretion to deny an amendment is "particularly broad" where a party has previously amended the pleading. Allen, 911 F.2d at 373.  Here, the amendment sought is the first requested by Defendants.  Though Defendant was permitted leave to file an amended answer, this was in response to Plaintiff's motion to strike and leave was given to amend only as to the defenses that lacked adequate factual allegations.  (Doc. 12 at 11)  Therefore, this factor does not weigh against amendment.

         2.      Undue delay

By itself, undue delay is insufficient to prevent the Court from granting leave to amend pleadings.  Howey v. United States, 481 F.2d 1187, 1191(9th Cir. 1973); DCD Programs v. Leighton, 833 F.2d 183, 186 (9th Cir. 1986).  However, in combination with other factors, delay may be sufficient to deny amendment. See Hurn v. Ret. Fund Trust of Plumbing, 648 F.2d 1252, 1254 (9th Cir. 1981).  Evaluating undue delay, the Court considers "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." Jackson, 902 F.2d at 1387; see also Eminence Capital, 316 F.3d at 1052.  Also, the Court should examine whether "permitting an amendment would . . . produce an undue delay in the litigation." Id. at 1387.

Here, Defendants have sought to amend their answer only after having conducted discovery to allow them to gather a factual basis for the new affirmative defenses.  As noted above, the discovery which provided this factual information was propounded soon after discovery began and this motion was filed soon after that discovery was completed.  Thus, the Court finds there was no undue delay such that this factor does not weigh against amendment.

         3.      Bad faith

There is no evidence before the Court suggesting Defendants acted in bad faith in seeking amendment.  Therefore, this factor does not weigh against amendment.

         4.      Futility of amendment

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." Bonin, 59 F.3d at 845; see also Miller v. Rykoff-Sexton, 845 F.2d 209, 214 (9th Cir. 1988) ("A motion for leave to amend may be denied if it appears to be futile or legally insufficient").  "Futility is analyzed

under the same standard of legal sufficiency as a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  In other words, leave to amend should not be denied based on futility unless the proposed amended complaint would 'fail to state a claim upon which relief can be granted.'"  <u>SmithKline Beecham Corp. v. Geneva Pharms., Inc.</u>, 287 F.Supp.2d 576, 581 (E.D. Pa. 2002).  Likewise, a motion for leave to amend is futile if it is undisputed that the amendment cannot impose or avoid liability.  <u>Gabrielson v. Montgomery Ward & Co.</u>, 785 F.2d 762, 766 (9th Cir. 1986).

Plaintiff argues, in essence, that the amendment is futile because it fails to provide sufficient factual support.  Namely, Plaintiff asserts that the affirmative defenses should set forth the legally suitable substitute positions that were available.[2]  (Doc. 24 at 5-6)  The Court disagrees.

First, it appears that the evidentiary support for the specific jobs that were available will be provided via expert testimony.  Though Defendant is obligated to allege factual support for its affirmative defenses, it is not required to divulge the content of its communication with its retained expert or risk having the defense barred.  Likewise, the Court does not find that Defendant was required to allege that its retained vocational expert has informed it that jobs existed in order for the affirmative defenses to be adequately pleaded.

Second, though a defendant must provide a factual basis for an affirmative defense, the answer must demonstrate only a plausible basis for the defense such that "boilerplate listing[s] of affirmative defenses" may be weeded out.  <u>Dion v. Fulton Friedman & Gullace LLP</u>, 2012 WL 160221, at *2 (N.D. Cal. Jan. 17, 2012).  Thus, for the affirmative defenses to be sufficient, Defendant was not required to detail the jobs that it contends were available to Plaintiff  in its answer; this is an issue for discovery.  <u>Id</u>.  The answer must only provide "enough supporting facts to nudge" it from possible to plausible.  <u>Id</u>.  Here, there are sufficient facts alleged to make clear that the new defenses are not mere boilerplate and provides notice that Defendant will attempt to prove that Plaintiff's re-employment efforts were inadequate.  Thus, this factor does not weigh against granting Defendants leave to file an amended answer.

---

[2] Plaintiff argues also, seemingly, that Defendant violated Rule 11 because it retained a vocational expert after counsel discussed whether Plaintiff would stipulate to the amendment.  Even if true, and the evidence does not make this clear, the obligation under Rule 11 is that there be a factual basis for the pleading's contentions when it is presented to the Court.  There is no question that this has occurred.

1      5.      Prejudice to the opposing party

2           The most critical factor in determining whether to grant leave to amend is prejudice to the

3    opposing party.  Eminence Capital, 316 F.3d at 1052.  The burden of showing prejudice is on the party

4    opposing an amendment to the complaint.  DCD Programs, 833 F.2d at 187; Beeck v. Aquaslide 'N'

5    Dive Corp., 562 F.2d 537, 540 (9th Cir. 1977).  Prejudice must be substantial to justify denial of leave

6    to amend.  Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).

7           Plaintiff asserts that she would suffer substantial prejudice because the imminent discovery

8    deadline makes it impossible for her to conduct any non-expert discovery on the topic.  However,

9    expert discovery has not yet begun and this prejudice may be cured by allowing Plaintiff to propound

10   discovery, both expert and non-expert, during the remaining discovery period as to the affirmative

11   defenses.  Moreover, though Plaintiff expresses her concern about having to retain an expert to address

12   the affirmative defenses, she is not obligated to do so unless she believes a rebuttal expert is necessary

13   after reviewing—and deposing—Defendant's expert.  The extended period already set forth in the

14   schedule for expert discovery allows plenty of time for this effort.  As a result, this factor does not

15   weigh against granting Defendants leave to amend.

16   **IV.    Conclusion and Order**

17           Defendant demonstrates good cause to modify the Scheduling Order, and satisfies the

18   requirements of Rules 15 of the Federal Rules of Civil Procedure as to the proposed amended answer.

19   Accordingly, the Court exercises its discretion to permit Defendants to file the proposed second

20   amended answer.  See Swanson, 87 at 343; Fed. R. Civ. P. 15(a)(2).

21           Based upon the foregoing, **IT IS HEREBY ORDERED**:

22      1.      Defendants' motion for modification of the Court's Scheduling Order and for leave to

23              file the amended answer is **GRANTED**;

24      2.      Defendants **SHALL** file the second amended answer no later than **December 4, 2014**;

25   ///

26   ///

27   ///

28   ///

9

3.      Plaintiff SHALL complete non-expert discovery as to the newly added affirmative defenses no later than March 6, 2015.  No other amendments to the case schedule are authorized.

IT IS SO ORDERED.

Dated:   **November 26, 2014**                    **/s/ Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE