1
2
3
4
5
6
7
8                            UNITED STATES DISTRICT COURT
9                            EASTERN DISTRICT OF CALIFORNIA
10
11  JAN RICHMOND,                          ) Case No.: 1:14-cv-00184 JLT
                                           )
12              Plaintiff,                 ) ORDER ON EVIDENTIARY OBJECTIONS
                                           ) (Doc. 35-23; Doc. 37-2)
13      v.                                 )
                                           )
14  MISSION BANK,                          )
                                           )
15              Defendants.                )
                                           )
16

17         In connection with Defendant's motion for summary judgment, the parties have filed

18  objections to evidence presented by their opponent. (Doc. 35-23; Doc 37-2)  Plaintiff objects solely as

19  to the use of her testimony offered at the hearing by the Employment Development Department.  (Doc.

20  35-23)  Plaintiff argues that the transcript is not authenticated and that the document was not identified

21  by Defendant on its Rule 26 disclosure.  Id. at 1.  Defendant offers a significant number of objections

22  on many different grounds, as to many of the declarations proffered by Plaintiff.  (Doc. 37-2)  For the

23  reasons set forth below, Plaintiff's objections are **OVERRULED** and Defendant's objections are

24  **SUSTAINED in Part** and **OVERRULED in Part**.

25  I.     **Plaintiff's objections**

26         Plaintiff objects to the use of her testimony given at the hearing seeking unemployment

27  benefits.  (Doc. 35-23)  Her attack is two-fold.  First, she objects that the transcript is not

28  authenticated. Id. at 1.  Second she objects that Defendant failed to identify the transcript on its Rule

26 disclosure.

Notably, Ms. Bland declares that she obtained the CD of Plaintiff's unemployment benefits appeal hearing by writing to the California Unemployment Insurance Appeals Board and requesting it. (Doc. 30-8 at 35)  She declares further that Exhibit O "are true and correct copies of excerpts [of] the transcript of the November 15, 2013 hearing, including the court reporter's certification stating that [she] faithfully transcribed the CD of the proceedings." Id. at 36.  Attached to the transcript is the certification of the Certified Court Reporter, Monica K. Rebello, attesting that she "transcribed to the best of my ability the CD of the proceedings in the foregoing-entitled matter and I further certify that the foregoing is a full, true, and correct transcription of such proceedings." (Doc. 30-8 at 56)

A party seeking to admit a document need only "produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. Rule 901(a).  Thus, the fact that there is no information as to how or whether the CD was used at the hearing, "what happened with the CD"[1] or how the reporter determined who was speaking does not preclude the introduction of the transcript. (Doc. 35-23 at 1)  Moreover, Plaintiff offers no authority that this additional information is required before the transcript may be admitted and the Court declines to research the topic on her behalf.  Thus, for purposes of this motion, the objection on this basis is **OVERRULED**.

As to Plaintiff's second argument, Federal Rules of Civil Procedure 26(a) requires a party to identify all evidence that "the party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment."  Likewise, Fed. R. Civ. P. 26(e) requires the party to supplement its disclosure in a timely manner if the party learns of additional information has not otherwise been made known to the other party during the discovery process.

Here, Defendant did not obtain a copy of the transcript until sometime after making its request for it on December 15, 2014. (Doc. 30-8 at 35)  This was months after the initial disclosure was made (Doc. 35-10) which explains why it was not listed on it initially.  Notably, Exhibit O is relied upon by Defendant only as to two facts.  Fact 16 asserts that she agreed for her hours to be reduced from 32 hours per week to 24 hours per week beginning July 1, 2013.  (Doc. 30-3 at 4)  Fact 27 asserts that

---

[1] The Court is unclear as to plaintiff's meaning in this regard.  The Court supposes she refers to the "chain of custody" but produces no evidence the CD was produced and held prior to the request of Defendant.

Plaintiff resigned her job and presented a letter of resignation. Id. at 6.

Notably, at her deposition, Plaintiff testified that she agreed to the reduction in her hours because her duties had been reduced and "It wouldn't make sense for me to work 32 hours." (Doc. 30-5 at 50-51. She testified that the decision to reduce her hours "was a joint [decision], I would say." Id. at 51. She adamantly denied that the decision to reduce her hours had anything to do with her desire or need to care for an ill sister. Id. at 51. Seemingly, at the unemployment appeals hearing she made statements which could be interpreted to indicate that *she* asked that the previously agreed upon reduction in hours would become effective due, at least in part, to the illness of her sister. (Doc. 30-8 at 50)

Likewise, at her deposition, she testified she told Mr. Antongiovanni he should give her "a package," meaning a severance package, given that she felt the bank was trying to run her out by taking away her duties and discriminating against her based upon her age. (Doc. 30-5 at 46) She denied that she quit her job (Id.) and detailed bringing a severance package counteroffer with her to the meeting on September 3, 2013. Id. at 105-106. Contrary to this, at the unemployment appeal hearing, Plaintiff testified that the decision to separate from the bank was "kind of a joint" decision. (Doc. 30-8 at 40) She testified that little by little her position was absorbed by other employees and that the decision to give Ms. Wolf a private office was "kind of the last straw." Id. at 41. She testified that she was being humiliated by the transfer of duties and the fact that she was denied an office but Ms. Wolf was given one indicated "the writing was on the wall" and "it's only going to get worse." Id. It appears that one interpretation of this testimony is that she and Defendant decided to separate her from the employment. Thus, while other interpretations may be drawn, this evidence may be interpreted as impeaching such to excuse Defendant disclosing it.

On the other hand, a party is prohibited from using at trial information or witnesses not disclosed during the discovery period unless the failure to supplement was substantially justified or harmless. Fed.R.Civ.P. 37(c)(1); R & R Sails, Inc. v. Ins. Co. of the State of Pennsylvania, 673 F.3d 1240, 1246 (9th Cir.2012) (the party facing the preclusion of evidence under Rule 37 "bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless"). To determine whether the introduction of evidence should be precluded pursuant to Rule

3

37, the Court considers: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for it[s] failure to disclose the evidence." San Francisco Baykeeper v. West Bay Sanitary Dist., 791 F.Supp.2d 719, 733 (N.D.Cal.2011) (quoting Dey. L.P. v. Ivax Pharms., Inc., 233 F.R.D. 567, 571 (C.D.Cal.2005)).

Even if the evidence is not impeaching and should have been disclosed, there can be no argument the information is surprising to Plaintiff. It is her testimony and, clearly, she was aware she made the statements. Indeed, at her deposition, *she* mentioned evidence she presented at the "EDD hearing." (Doc. 30-5 at 105-106) Though the Court is unaware of Defendant's reasoning for not amending the Rule 26 disclosure at the time the transcript was obtained (and is strongly urged to do so now)—assuming Defendant will present the evidence as affirmative evidence at trial—there is no likelihood that use of the evidence would disrupt trial. Thus, for purposes of this motion, the objection is **OVERRULED**.

## II.     Defendant's objections

### A.     Evidence not tied to Defendant's statement of undisputed facts

Defendant objects to the Court considering evidence proffered by Plaintiff that was not tied to a specific material fact set forth in the separate statement of undisputed facts. However, because the Court does not rely upon on this evidence, the Court declines to consider this objection.

### B.     Plaintiff's declaration

#### 1.     Richmond Decl., Paragraph 3 at 2:3-4/Richmond Decl., Paragraph 8 at 3:27 and 4:1-2:

Evidence:     "After Mr. Antongiovanni became president, I conducted administrative functions for him."

Evidence: "After Ms. Wolf was hired she began performing the administrative duties I had formerly performed for Mr. Antongiovanni."

Defendant's objections: "Administrative functions" is vague and, as to the second citation, Defendant objects as it lack foundation.

1    The Court agrees that this phrase is vague.  Likewise, as to the second citation, the Court finds
2 the declarant failed to detail how she knew Ms. Wolf took over these duties.  Thus, for purposes of this
3 motion, the objections are **SUSTAINED.**

4            **2.    Richmond Decl., Paragraph 4 at 2:8-11:**

5        Evidence:    "In addition, Mr. Jim Veach worked with the bank as an independent
6 contractor/agent in preparing the bank for the move of the offices, which included preparing the new
7 offices for the individuals who would occupy them. Mr. Veach likewise informed me that the decision
8 was Mr. Antongiovanni's alone."

9        Defendant's objections: Hearsay, relevance.

10       According to Fed. R. Evid. 401, evidence is relevant if "it has any tendency to make a fact
11 more or less probable than it would be without the evidence" and the fact at issue is "of consequence
12 in determining the action."  Likewise, generally, all relevant is admissible.  Fed. R. Evid. 402.
13 Evidence that the decision to place Plaintiff in a cubicle was solely that of Antongiovanni—who
14 Plaintiff identifies as the primary person who engaged in discrimination—has a tendency to
15 demonstrate Defendant's improper motive.  Thus, it is relevant.

16       Defendant argues also that the statements attributable to Veach are hearsay.  Generally, under
17 Fed. R. Evid. 801(d)(2), statements by an agent or employee within the scope of the relationship while
18 the employment lasted are not hearsay.  Though the statement indicates that Veach was hired to
19 "prepare the bank for the move, which included preparing the new offices" for the occupants, there is
20 insufficient information to determine whether Veach had any role in allocation of offices.  Likewise,
21 exactly what is involved in "preparing the bank" and "preparing the new offices," is not clear.  Thus,
22 for purposes of this motion, the objection is **SUSTAINED**.

23           **3.    Richmond Decl., Paragraph 5 at 2:17:**

24       Evidence: "I had noticed that Mr. Antongiovanni had been treating older employees badly."
25       Defendant's objections: "Treating older employees badly["] is vague, statement lacks
26       foundation, relevance.
27       The declaration sets forth that Plaintiff was in a position to observe who others were treated.
28 Therefore, the statement does not lack foundation.  The evidence of how other similarly situated

1  employees was treated bears on Defendant's motivation and, hence, whether Plaintiff's separation
2  from the bank was pretext for discrimination is relevant.  Though the phrase, "treating older
3  employees badly" is vague, Plaintiff goes on to describe why she felt older employees were treated
4  badly.  Therefore, for purposes of this motion, the objection is **OVERRULED**.

**4.      Richmond Decl., Paragraph 5 at 2:17-19/Richmond Decl., Paragraph 6 at 2:26-27:**

Evidence: "This included Katherine Sullivan who was in her late fifties. She had been moved by Mr. Antongiovanni from the downtown branch as operations manager to Shafter, CA a less desirable branch. "

Evidence: "I also noticed that Mr. Antongiovanni moved Selinda Garcia to the branch in Greenfield, which is a less desirable branch. Ms. Garcia previously worked at the main branch downtown."

Defendant's objections: "Less desirable branch" is vague, statements lack foundation, relevance, FRE 403, 404(b).

Because the Court does not consider this evidence in determining the motion, it declines to rule on the objections.

**5.      Richmond Decl., Paragraph 5 at 2:19-21/Richmond Decl., Paragraph 5 at 2:21-22/Richmond Decl., Paragraph 6 at 2:27 and 3:1-2:**

Evidence: "After she was shipped off to the Shafter branch by Mr. Antongiovanni, she was replaced by an individual who was substantially younger."

Evidence: "I am aware that Mr. Antongiovanni sent Ms. Sullivan to Shafter and returned her to the back office because I handled Human Resources administrative functions at that time. I am also familiar with the fact that Mr. Antongiovanni replaced her with someone substantially younger because I handled Human Resources functions at that time. She was later moved by Mr. Antongiovanni back to the main branch but was put in the back office."

Evidence: "Mr. Antongiovanni forced her to move to the Greenfield branch and hired someone substantially younger in her place at the main branch."

Defendant's objections: "Substantially younger" is vague, statement lacks foundation,

1 relevance, FRE 403, 404(b).

2 Because the Court does not consider this evidence in determining the motion, it declines to rule
3 on the objections.

4 **6.  Richmond Decl., Paragraph 6 at 3:2-4/ Richmond Decl., Paragraph 7 at**
5 **3:5-7/ Richmond Decl., Paragraph 7 at 3:7-9:**

6 Evidence: "I am aware of this because at the time of the transfer, I was working as Human
7 Resources administrator. At the time Mr. Antongiovanni forced Ms. Garcia to the branch in
8 Greenfield, Ms. Garcia was in her late 40s or early 50s"

9 Evidence: "Margaret Knudson is another such individual. She is over 60 ad was working at the
10 5 downtown branch as a customer service representative and was transferred to the Greenfield branch
11 by Mr. Antongiovanni."

12 Evidence: "She was replaced at the main branch by someone under 30 and this occurred at the
13 hands of Mr. Antongiovanni. I am aware of this due to my functions as Human Resources
14 administrator."

15 Defendant's objections: Lacks foundation, relevance, FRE 403, 404(b).

16 Because the Court does not consider this evidence in determining the motion, it declines to rule
17 on the objections.

18 **7.  Richmond Decl., Paragraph 8 at 3:10-12:**

19 Evidence: "It was against that backdrop of other older employees being sent to less desirable
20 locations and positions that I was concerned about what might happen to me after Mr. Antongiovanni
21 became president and ultimately CEO of the bank"

22 Defendant's objections: "Less desirable locations and positions" is vague, lacks foundation,
23 relevance, FRE 403, 404(b).

24 The evidence of how other similarly situated employees was treated bears on Defendant's
25 motivation and, hence, whether Plaintiff's separation from the bank was pretext for discrimination is
26 relevant and does not violate Fed. R. Evid. 404(b).  Because, the Court is determining a law and
27 motion matter related to these objections, it finds it is capable of avoiding the pitfalls Fed. R. Evid.
28 Code 403 is designed to prevent.  Thus, the evidence is not made inadmissible by Fed. R. Evid. 403.

7

1  Finally, the Court takes Plaintiff's statement to explain her state of mind, rather than evidence that the
2  other branches were, in truth, inferior to the main branch. Indeed, if it was meant in the other manner,
3  it would be improperly vague.  However, because the Court is limiting the meaning here and despite
4  there is no explanation for why Plaintiff felt that the other location were "less desirable," when this
5  phrase is used in this portion of the declaration it is to explain Plaintiff's state of mind and is,
6  therefore, admissible. Thus, for purposes of this motion, the objection is **OVERRULED.**

7 **8.    Richmond Decl., Paragraph 8 at 2: 16-17/ Richmond Decl., Paragraph 8 at**
8 **3:20-21:**

9  Evidence: "The bank at that time followed a procedure to post all available positions to allow
10 employees of the bank to apply for such positions."

11 Evidence: "The bank also had a policy that it wanted to hire and promote from within the
12 bank."

13 Defendant's objections: Relevance.

14 Because the Court does not consider this evidence in determining the motion, it declines to rule
15 on the objections.

16 **9.    Richmond Decl., Paragraph 8 at 3:23-25:**

17 Evidence: "Ms. Wolf likewise had to pass a credit check to become an employee of the bank.
18 Because I was handling her hiring pursuant to my duties as Human Resources administrator, I
19 reviewed her credit history and knew it was insufficient for her to be hired."

20 Defendant's objections: Lacks foundation, relevance, calls for speculation.

21 Here, Plaintiff fails to detail why she believed Ms. Wolf "had to pass a credit check."
22 Nevertheless, she asserts she was handling Ms. Wolf's hiring so, impliedly, she had an understanding
23 of Defendant's hiring processes.  The information is not irrelevant because it has a tendency to show
24 that Ms. Wolf was not qualified for the position. Thus, for purposes of this motion, the objection is
25 **OVERRULED.**

26 **10.   Richmond Decl., Paragraph 8 at 3:25-27:**

27 Evidence: "I spoke with Richard Fannuchi about it at that time and he told me she was not
28 qualified to work at the bank and should not be hired."

8

1   Defendant's objections: Hearsay, relevance, calls for speculation.

2   The statement is not hearsay.  Fed. R. Evid. 801(d)(2)(D).  Moreover, for the reasons set forth

3   as in point 9, and for purposes of this motion, the objection is **OVERRULED.**

4   **11.     17. Richmond Decl., Paragraph 8 at 3:27:**

5   Evidence:     "Notwithstanding a breach of the bank's credit requirements, Wolf was hired."

6   Defendant's objections: Lacks foundation, relevance.

7   Because the Court does not consider this evidence in determining the motion, it declines to rule

8   on the objections.

9   **12.     Richmond Decl., Paragraph 8 at 4:2-4:**

10  Evidence:     "The hiring of Wolf in December 2012 without any offer of the position to me

11  embarrassing and was of substantial concern to me, especially in light of Mr. Antongiovanni's

12  treatment of older employees."

13  Defendant's objections: "Treatment of older employees" is vague, relevance, lacks foundation.

14  Though Plaintiff fails to explain this phrase at this portion of her declaration, she sets forth

15  explains of the treatment about which she was concerned in other paragraphs.  Thus, for purposes of

16  this motion, the objection is **OVERRULED.**

17  **13.     Richmond Decl., Paragraph 9 at 4:12-13:**

18  Evidence: "I became so concerned about my job at the bank that in July 2011 and in March

19  2013, I wrote Mr. Fanucchi letters about what was transpiring."

20  Defendant's objections: Relevance of July 2011 letter, hearsay, lacks foundation.

21  The letter is relevant to demonstrate she raised her concerns over time.  The statement does not

22  lack foundation as it is concerned with her understanding of what was and had occurred.  Finally, the

23  content of the letter is not being introduced in this statement and, therefore, it is not hearsay.  Thus, for

24  purposes of this motion, the objection is **OVERRULED.**

25  **14.     Richmond Decl., Paragraph 9 at 4:13-14:**

26  Evidence: "Copies of those letters are attached as Exhibit 1 to the opposition."

27  Defendant's objections: Letters are hearsay. Relevance as to July 2011 letter.

28  The letter is relevant to demonstrate she raised her concerns over time.  The letters are not

hearsay as they are prior consistent statements made by Plaintiff.  Fed. R. Evid. 801(d)(1)(B). Thus, for purposes of this motion, the objection is **OVERRULED.**

**15.     Richmond Decl., Paragraph 11 at 5:2-3/ Richmond Decl., Paragraph 13 at 5:21-23:**

Evidence: "I fully expected that when September arrived, I would definitely be given the 24 hours per week found in Exhibit 2 (unless other duties were taken from me)."

Evidence: "I knew that when September arrived, my duties helping the credit officer would end, and it appeared I would have no job functions or duties to perform with Ms. Wolf taking over my board duties."

Defendant's objections: Speculation, lacks foundation, relevance (only as to the first citation).

This evidence seems to be offered to explain Plaintiff's state of mind and is, therefore, relevant most especially as to the issue of whether she quit or was fired.  While this may not have come to pass, Plaintiff had sufficient reason to believe it would in light of the written communication provided to her by Defendant.  Thus, for purposes of this motion, the objection is **OVERRULED.**

**16.     Richmond Decl., Paragraph 12 at 5:4-6:**

Evidence: "In June 2013, I discovered that Wolf had been performing my duties relating to the board of directors. This occurred when I contacted director Chipres about a matter and he informed me that Ms. Wolf had already contacted him about the issue."

Defendant's objections: "My duties relating to the board of directors" is vague. Hearsay

Because Plaintiff explains what she means by the phrase, by detailing the incident with Chipres, it is not vague. Likewise, the statement is not hearsay. Fed. R. Evid. 801(d)(2). Thus, for purposes of this motion, the objection is **OVERRULED.**

**17.     Richmond Decl., Paragraph 14 at 6:2-3/ Richmond Decl., Paragraph 14 at 6:3-4:**

Evidence: I viewed this as another attempt by Mr. Antongiovanni to embarrass me and attempt to make me quit."

Evidence: "I also saw this as the handwriting on the wall that my job would be eliminated (especially because of the fact Wolf was now performing my board duties)."

1       Defendant's objections: Lacks foundation, speculation.

2       This evidence seems to be offered to explain Plaintiff's state of mind rather than as her

3  speculation as to Mr. Antongiovanni's state of mind. Thus, it is admitted for this limited purpose.  As

4  to this motion, the objection based upon foundation is **OVERRULED.**

5                **18.      Richmond Decl., Paragraph 17 at 6:23-24:**

6       Evidence: "Prior to the meeting, I had been counseled that I needed to have a written

7  counteroffer for the meeting that I might want to offer."

8       Defendant's objections: Hearsay, vague.

9       The Court is not clear as to what portion of the statement the vagueness objection is directed.

10 It could speculate as to Defendant's meaning but that is not the Court's function.  Thus, this objection

11 is **OVERRULED**. On the other hand, the statement clearly refers to a statement someone made to

12 Plaintiff about needing to prepare a counteroffer.  However, it does not appear the statement is being

13 offered for the truth but, instead, offered to explain her subsequent action.  Thus, to this extent and for

14 purposes of this motion, the objection is **OVERRULED**.

15               **19.      Richmond Decl., Paragraph 19 at 7:7-10:**

16      Evidence:    "After Mr. Antongiovanni became CEO, he likewise excluded me from

17 meetings relating to the Human Capital Initiative even though I am familiar with the fact that others

18 within leadership positions at the bank were attending such meetings."

19      Defendant's objections: Vague, relevance.

20      The evidence is relevant in that has a tendency to show that Plaintiff was singled out.  Though

21 the statement does not identify from which meetings Plaintiff was excluded, the statement is

22 sufficiently clear for purposes of this motion. As to this motion, the objection based upon foundation is

23 **OVERRULED.**

24              **20.      29. Richmond Decl., Paragraph 20 at 7:11-14/ Richmond Decl., Paragraph**

25 **20 at 7:14-16:**

26      Evidence: "In January 2013, I was working with John Bianchi in relation to the Mojave Desert

27 Bank merger and Mr. Bianchi yelled at me, embarrassing me and berating me in front of other

28 employees. This so upset me that I spoke to Mr. Fanucchi about this and Mr. Fanucchi came to my

home that day and apologized to me about the conduct."

Evidence: "In January or February 2013, Mr. Bianchi berated me at least two more times in front of others. This was embarrassing and I had to deal with Mr. Bianchi on a daily basis. Being around Mr. Bianchi daily was difficult for me after those occurrences."

Defendant's objections: Relevance.

Because the Court does not consider this evidence in evaluating the motion, it declines to rule on the objection.

**21.  Richmond Decl., Paragraph 20 at 7:18-20:**

Evidence: "I told Ms. Schwartz that it would be the "last straw," meaning I would view it as Mr. Antongiovanni's final attempt to shove me out the door of the bank."

Defendant's objections: None stated

Because Defendant fails to identify an objection, it is waived.

**B.  Declaration of Maria Cox and deposition transcripts of Margie Schwartz, Stanley Newman, Salvador Chipres and Joanna Erasserret**

Because the Court does not rely upon this evidence, it declines to consider the objections.

IT IS SO ORDERED.

Dated:  **March 13, 2015**          **/s/ Jennifer L. Thurston**
                                    UNITED STATES MAGISTRATE JUDGE